IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| BUWLUS A. MUHAMMAD, | ) | |
|---|---|---|
| a/k/a Paul Cooper, | ) | |
| Petitioner, | ) | Civil Action No. 10-33 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| KENNETH R. CAMERON, et al., | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Petitioner, Buwlus A. Muhammad, a/k/a Paul Cooper, is state prisoner who has been tried and convicted in several separate criminal cases. At issue in this proceeding is the 2004 judgment of sentence imposed by the Court of Common Pleas of Erie County at Criminal Docket CP-25-CR-000303-2004 on his conviction for making terroristic threats. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking that judgment of sentence. [ECF No. 3]. Pending before the Court is Respondents' Motion to Dismiss [ECF No. 17] and Petitioner's Motion to Stay [ECF No. 19]. For the following reasons, Respondents' motion should be granted, Petitioner's motion should be denied, and this case should be dismissed.

### II. REPORT

In October 2004, following a trial in the Court of Common Pleas of Erie County, Petitioner was found guilty of one count of making terroristic threats. In November 19, 2004, the Honorable Shad Connelly sentenced him to 18-60 months' imprisonment. Petitioner did not pursue a direct appeal.

1

On June 9, 2005, Petitioner filed a motion for relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*., which Judge Connelly denied. On February 9, 2007, the Superior Court affirmed the denial of PCRA relief. Commonwealth v. Cooper a/k/a Muhammad, No. 1574 WDA 2005, slip op. (Pa.Super. Feb. 9, 2007).

On February 22, 2007, Petitioner filed a second PCRA motion based on alleged "after discovered evidence," – the transcript of a news broadcast from a local television station (which he had acquired a year and a half earlier, on September 27, 2005). He subsequently withdrew that motion.

On July 2, 2007, Petitioner filed a third PCRA motion. Judge Connelly dismissed that motion as untimely under the PCRA statute of limitations, 42 Pa.C.S. § 9545(b)(1). On February 9, 2008, the Superior Court affirmed. Commonwealth v. Muhammad, No. 1574 WDA 2005, slip op. (Pa.Super. Feb. 9, 2008). The Pennsylvania Supreme Court denied a petition for allowance of appeal on August 26, 2008.

In the meantime, on February 26, 2007, Petitioner filed a petition for writ of habeas corpus with this Court in which he challenged the judgment of sentence imposed at the Court of Common Pleas' Criminal Docket CP-25-CR-000303-2004. That petition was docketed as Buwlus A. Muhammad, a/k/a Paul Cooper, v. Kannrine, *et al*., Civil Action No. 07-22 (Erie), assigned to the Honorable Sean J. McLaughlin, and referred to the undersigned. On April 3, 2009, this Court issued a Memorandum Order in which it, upon the undersigned's Report and Recommendation, denied the petition and denied a certificate of appealability. Petitioner then filed an application for a certificate of appealability with the United States Court of Appeals for the Third Circuit, which was denied on June 25, 2009.

On or around December 9, 2009, Petitioner filed his fourth PCRA motion, which Judge Connelly denied on or around that same date.[1] He next filed with this Court the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which he once again challenges the state judgment of sentence imposed at Court of Common Pleas' Criminal Docket CP-25-CR-000303-2004.

**B.     Discussion**

Because this petition is at least the second federal habeas corpus petition that Petitioner has filed in which he challenges his judgment of sentence at the Court of Common Pleas' Criminal Docket CP-25-CR-000303-2004, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2).  See U.S.C. §2244(b)(3)(C).  AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings.  Burton v. Stewart, 549 U.S. 147 (2007)

A review of the computerized dockets of the Court of Appeals for the Third Circuit establishes that Petitioner has neither sought nor received permission to file a second or successive petition.  Where, as is the case here, a habeas petitioner files a second or successive habeas petition "in a district court

---

[1]     Petitioner filed an appealed to the Superior Court.  On October 26, 2010, the Superior Court discontinued the appeal at his request.  See Oct. 26, 2010, Order in Commonwealth v. Muhammad, No. 1403 WDA 2010 (Pa.Super.).

without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). In their respective pending motions, Respondents request that the Court do the former, while Petitioner requests that the Court do the latter and also stay this case.

It is recommended that the Court grant Respondents' motion and deny Petitioner's. 28 U.S.C. § 1631 provides that a district court "shall, *if it is in the interest of justice*, transfer" a case to cure want of jurisdiction. Petitioner has made no allegation or claim in the instant petition that demonstrates that the interest of justice requires a transfer of this case. He may file an application with the Court of Appeals for authorization to file a second or successive petition under its Local Appellate Rule 22.5 and does not require a transfer from this Court to do so.

Accordingly, the instant habeas petition should be dismissed because this Court lacks jurisdiction. Burton, 549 U.S. at 152-54. Respondents' motion to dismiss [ECF No. 17] should be granted and Petitioner's motion for a stay and transfer [ECF No. 19] should be denied.

### C.     **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

4

debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [ECF No. 17] be granted and that the Petition for Writ of Habeas Corpus be dismissed and a certificate of appealability be denied. It is further recommended that Petitioner's motion for a stay and transfer [ECF No. 19] be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

Dated:  December 9 , 2010            /s/ Susan Paradise Baxter
                                     SUSAN PARADISE BAXTER
                                     United States Magistrate Judge


cc:    The Honorable Sean J. McLaughlin
       United States District Judge